**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 9 |
| | ) | Hon. Kathy A. Surratt-States |
| LAKESIDE 370 LEVEE DISTRICT, | ) | |
| a political subdivision of the | ) | Case No. 14-46094-659 |
| State of Missouri, | ) | #28      3/10 |
| | ) | **ORDER CONFIRMING** |
| Debtor. | ) | **CHAPTER 9 PLAN OF ADJUSTMENT -** |
| | ) | **LAKESIDE 370 LEVEE DISTRICT** |
| | ) | **(DATED DECEMBER 15, 2014)** |

Lakeside 370 Levee District, a political subdivision of the State of Missouri, debtor in the above-referenced proceedings under Chapter 9 of Title 11 of the United States Code, having filed with this Court its ***Plan of Adjustment - Lakeside 370 Levee District (Dated December 15, 2014)*** (hereinafter, the "Plan"); and its First Amended Disclosure Statement - Lakeside 370 Levee District (Dated January 26, 2015)(hereinafter, the "Disclosure Statement") having been approved by this Court on January 29, 2015 after good and sufficient notices to all creditors and parties in interest in this Chapter 9 proceeding pursuant to this Court's ***Order Approving First Amended Disclosure Statement, Notice of Hearing on Confirmation of Plan, and Notice of Deadline to File Objections to Plan*** (hereinafter, the "Disclosure Statement Order"); and copies of the Plan, the Disclosure Statement, the Disclosure Statement Order, and the appropriate ballot (collectively, the "Ballot Package") having been duly transmitted on January 30, 2015; and the solicitation of acceptances from holders of

claims having been made in the matter required by the Court; and a hearing to consider confirmation of the Plan and other matters related to confirmation having been held by the Court on March 10, 2015 at 11:00 AM (the "Confirmation Hearing") upon good and sufficient notice as directed in the Disclosure Statement Order; and the Certificates of Service having been filed with the Court on February 2, 2015 evidencing service of the Ballot Package; and upon the Report of Balloting filed by Debtor on March 5, 2015; and upon the arguments of parties and counsel and the evidence adduced at the Confirmation Hearing; and upon due consideration of the record as a whole, the Court determines that sufficient factual and legal cause has been presented and shown to the Court to allow the Court to make the following Findings of Fact and Conclusions of Law:

## Findings of Fact and Conclusions of Law

1.  This order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as said rule is made applicable to these proceedings by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

2.  The Plan[1], proposed by Debtor as the Plan Proponent, complies with applicable provisions of Chapter 9 of Title 11 of the United States Code, including 11

---

[1] Capitalized terms herein shall have the meaning set out in the Plan, or as defined herein. In the event of a conflict, the terms of this order shall control.

2

U.S.C. §943 and the mandatory and permissive provisions of 11 U.S.C. §§1122 and 1123 applicable to a debtor in proceedings under Chapter 9 of Title 11 of the United States Code under 11 U.S.C. §901.  In particular:

    A.    Article Two of the Plan designates classes of claims consistent with the requirements of 11 U.S.C. §§1122 and 1123(a)(1) and the factual, legal and business bases for such classifications are valid and not designed for any improper purpose;

    B.    Article Four of the Plan specifies the claims, that are impaired and those that are not impaired under the Plan. 11 U.S.C. §1123(a)(2) and (3) under the Plan;

    C.    Article Three of the Plan provides the same treatment for each Claim in each class, except where a holder of such Claim agrees to less favorable treatment of such Claim and complies with 11 U.S.C. § 1123(a)(4);

    D.    The Plan complies with 11 U.S.C. § 1123(a)(5) in that it provides for adequate means for its implementation.  Debtor:  formed the subdistricts described in Article Five of the Plan; retained bond counsel to assist in the refunding of the existing Lakeside 370 Levee District Improvement Bonds, Series 2008 as provided for in the Plan;  anticipates the issuance of the bonds called for in Section 3.6 of the Plan within 90 days of this Order becoming a Final Order; has demonstrated that it has access to sufficient funds for the payment of the Class 2 and Class 3 Claims as provided for in the Plan; and has demonstrated the ability to fund maintenance and debt service for the Series A Bond Indebtedness;

    E.    Debtor, as the Plan Proponent, has complied with all applicable provisions of Title 11, including the disclosure requirements of 11 U.S.C. §1125 and the Disclosure Statement Order, and has satisfied the requirements of 11 U.S.C. §1129(a)(2) with respect to the tender of the Ballot Package and the solicitation of acceptances or rejections of the Plan;

    F.    The Plan was approved by the Board of Supervisors of the Debtor and has been proposed in good faith and not by any means forbidden by law.  In determining that the Plan was proposed in good faith the Court has examined the totality of the

3

      circumstances surrounding the filing of this Chapter 9 proceeding, the Plan, and the process associated with the formulation of Plan. Debtor's good faith is evident from the facts and circumstances of the case, the Disclosure Statement, the proceedings in the case, and the Report of Balloting, which evidences widespread, nearly unanimous support for the Plan. The Court concludes that the Plan was proposed with the legitimate and laudable purpose of allowing the Debtor to adjust its debts with due consideration made for the ownership status of the land within the District and Debtor's limited revenue. The Court finds that the Plan complies with 11 U.S.C. § 1129(a)(3);

G.   Pursuant to 11 U.S.C. §901 the provisions of 11 U.S.C. § 1129(a)(4) and (5) are not applicable to Debtor. Even though not applicable, Debtor has disclosed the identities of the individuals who will serve on Debtor's Board of Supervisors following confirmation of the Plan and that none of said individuals will receive compensation for such service; and

H.   Debtor is a political subdivision of State of Missouri, with its own power to levy taxes and assessments on and against land within the boundary of its levee district. No governmental or regulatory commission has jurisdiction over the rates of the Debtor and the Plan thus complies with the requirements of 11 U.S.C. § 1129(a)(6).

3.   In accordance with the Disclosure Statement Order, Debtor solicited acceptance or rejection of the Plan from the holders of Claims in classes 2, 3, and 4 of the Plan.

4.   The procedures by which Debtor distributed, recorded, and tabulated the ballots were fair, were properly conducted, and complied with the Disclosure Statement Order of this Court and applicable law with respect to a debtor in proceedings under Chapter 9 of Title 11 of the United States Code. The Court accepts as part of its findings of fact the Report of Balloting filed by the Debtor on March 5, 2015.

5. The Plan classifies claims in four (4) classes as follows: (a) Class 1 - Allowed Secured Claims; (b) Class 2 - Allowed Unsecured Priority Claims; (c) Class 3 - Allowed General Unsecured Claims; and (d) Class 4 - Allowed Claims of Holders of Lakeside 370 Levee District Improvement Bonds, Series 2008.  With respect to each class, the Plan complies with 11 U.S.C. §1129(a)(8) in that:

    A.    Class 1: This class is not impaired as its members, if any, shall retain all of their respective legal, equitable, and contractual rights;

    B.    Class 2: The Court takes judicial notice that no person filed a proof of claim in this Chapter 9 proceeding asserting status as an unsecured priority creditor, that Debtor has not identified any obligation to any creditor that would qualify for priority status, and that no person purporting to hold a claim in Class 2 filed an objection to confirmation of the Plan.  In addition, and as indicated in the Report of Balloting filed by Debtor, no votes were received from any entity potentially within said class.  The Court finds that the Plan complies with 1129(a)(8) with respect to said class;

    C.    Class 3:  As indicated in the Report of Balloting filed by Debtor, Class 3 has accepted the Plan; and

    D.    Class 4:  As indicated in the Report of Balloting filed by Debtor, Class 4 has accepted the Plan.

6. Pursuant to 11 U.S.C. §901 the provisions of 11 U.S.C. § 1129(a)(9) are not applicable to Debtor.

7. As the Report of Balloting establishes that both Class 3 and Class 4 have affirmatively accepted the Plan, Debtor has complied with the requirements of 11 U.S.C. §1129(a)(10).

8. Pursuant to 11 U.S.C. §901 the provisions of 11 U.S.C. § 1129(a)(11), (12), (13), (14), (15), and (16) are not applicable to Debtor.

9. Pursuant to 11 U.S.C. §901 the provisions of 11 U.S.C. § 1129(c), (d), and (e) are not applicable to Debtor.

10. As set out in paragraph two (2) above, the Plan satisfies the requirements of Title 11 of the United States Code made applicable to a case under Chapter 9 of such Title, satisfies the requirements of Chapter 9 of Title 11 of the United States Code, and satisfies 11 U.S.C. §§943(b)(1) and (2).

11. Debtor presented evidence at the Confirmation Hearing with respect to the amounts paid and to be paid by Debtor for services of professionals retained by the Debtor and for the expenses incurred in this case. The Court has reviewed the fees and expenses and finds them reasonable in light of the facts and circumstances of this matter and the transactions contemplated by the Plan such that the requirements 11 U.S.C. §943(b)(3) are satisfied.

12. The actions necessary to carry out the provisions of the Plan consist primarily of the formation of subdistricts and the issuance of bonds to the members of Class 4. The subdistricts have been approved by the Circuit Court of St. Charles County in a final order. The Plan satisfies the requirements of 11 U.S.C. §943(b)(4).

13. Sections 3.1 and 3.2 of the Plan provide that Allowed Administrative Expense claims shall be paid in full, in cash, on the Effective Date or as soon thereafter as practicable, unless the holder of such a claim agrees to different treatment. The Plan thus satisfies the requirements of 11 U.S.C. §943(b)(5).

14. There is no regulatory or electoral approval necessary to carry out the terms of the Plan. The bonds to be issued under Section 3.6 of the Plan will be

6

registered with the Auditor for the State of Missouri and otherwise issued in accordance with the laws of the State of Missouri.  Thus, to the extent 11 U.S.C. §943(b)(6) is applicable, the Plan satisfies such requirement.

15.    Upon the evidence adduced at the Confirmation Hearing, upon the record of these proceedings as a whole, and upon the lack of any controverting evidence, the Court finds that the terms of the Plan are reasonable, and that the Debtor will be able to perform the obligations it proposes to undertake under the Plan.  As Classes 2 and 3 will be paid in full on the Effective Date, the Plan is in their respective best interests. With respect to Class 4, the Court notes that the votes of the holders of Allowed Claims in said class voted with near unanimity to approve the Plan, indicating that the holders of Allowed Claims in Class 4 believe the Plan is in their best interests.  The Court finds that, given the particular ownership structure of the District, the Plan affords the holders of Allowed Claims in Class 4 the only feasible opportunity for a significant recovery on their claims.  Absent confirmation of the Plan, the Debtor would be unable to make payment on the bonds, which were in default pre-petition, leaving the bondholders with no effective avenue for recovery.  The Plan is in the best interest of creditors and satisfies the requirements of 11 U.S.C. §943(b)(7).

**Accordingly, the Court Makes the
Following Conclusions of Law and Orders:**

**IT IS HEREBY ORDERED** that any of the following conclusions of law that may be deemed to be findings of fact are hereby incorporated as findings of fact to the extent necessary or appropriate.  In addition, **IT IS FURTHER AND HEREBY ORDERED THAT:**

A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a), Local Rule 9.01B of the Local Rules of the United States District Court for the Eastern District of Missouri, 11 U.S.C. §§ 362, and 922, as well as Rule 9013 of the Federal Rules of Bankruptcy Procedure;

B.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a);

C.  The proceedings with respect to confirmation of a plan under Chapter 9 of Title 11 of the United States Code are core proceedings under 28 U.S.C. §157(b)(2)(A), (L), and (O) with respect to which this Court may enter final orders;

D.  Any and all objections to the Plan, to the extent filed and not withdrawn or otherwise resolved are **OVERRULED**;

E.  All of the requirements for confirmation of the Plan under 11 U.S.C. §§943 and 1129(a) have been satisfied.

F.  Notice of the Confirmation Hearing, the deadline to submit a ballot, and the deadline to object to the Plan were appropriate in the particular circumstances of this matter and satisfied the requirements of applicable law, including but not limited

to 11 U.S.C. §102, Rules 2002, 3017, and 3020 of the Federal Rules of Bankruptcy Procedure, and this Court's Disclosure Statement Order;

G. The solicitation of acceptances complied with 11 U.S.C. §1125 and those provisions of 11 U.S.C. §1126 which are incorporated into Chapter 9 pursuant to 11 U.S.C. §901;

H. The Plan is **APPROVED and CONFIRMED**;

I. The Plan and the terms of the Plan are binding upon the Debtor and all of its creditors, whether or not such creditor holds an allowed claim and whether or not such creditor voted with respect to the Plan;

J. Debtor is authorized to perform all acts and to execute any documents necessary or appropriate to carry out the provisions of the Plan and to engage in the transactions set out in and contemplated in the Plan to bring about the Effective Date and to give effect to the terms of the Plan.

K. All fees of professionals disclosed at the Confirmation Hearing that have been paid or which are to be paid with respect to services performed or expenses incurred in these proceedings are reasonable, are allowed, and Debtor is authorized to make payment of same. From and after the entry of this order and the occurrence of the Effective Date, Debtor may continue the employment of said professionals, may employ any additional professionals as Debtor may deem necessary or appropriate in the implementation of the Plan or the conduct of Debtor's operations following the entry of this order, and may make payment of said professionals in the ordinary course of business.

L.    Lakeside 370 Levee District - Subdistrict A and Lakeside 370 Levee District - Subdistrict B shall each assume that portion of the Lakeside 370 Levee District Improvement Bonds, Series 2008 described in Section 3.6 of the Plan for such Subdistrict to so assume.  Within sixty (60) days thereof, pursuant to Section 5.2 of the Plan, Debtor shall convey to Lakeside 370 - Subdistrict A and to Lakeside 370 Levee District - Subdistrict B that portion of its real property therein described.

M.    Except as otherwise provided in the Plan and this order, from and after the Effective Date, Debtor shall retain all of its assets, real and personal, tangible or intangible, free and clear of any and all liens, claims or encumbrances.  From and after the Effective Date, Debtor shall continue its existence pursuant to applicable law and the Plan and shall take such actions as may be necessary or appropriate to effectuate the Plan and shall operate and conduct its affairs free of any restrictions of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure;

N.    The limitations of liability and releases set out in Sections 5.19, 5.20, and 8.1 of the Plan are approved;

O.    Pursuant to Article Six of the Plan, and in accordance with 11 U.S.C. §§365 and 1123(b)(2), all executory contracts that have not been assumed by final order of the Bankruptcy Court are hereby rejected as of the Effective Date.  Any claim for rejection damages shall be classified in Class 3 of the Plan and shall be barred from receiving any distribution under the Plan if a claim is not filed withing thirty (30) days of the Effective Date.

P.      This Court shall retain jurisdiction over these bankruptcy proceedings in accordance with and for the purposes stated in the Plan and the Bankruptcy Code;

Q.      Pursuant to Rule 3020(d) of the Federal Rules of Bankruptcy Procedure, notwithstanding the entry of this order, the Bankruptcy Court may enter such orders as are necessary or proper to administer this case;

R.      Counsel for Debtor shall promptly submit to the Court a proposed Notice of Entry of Confirmation Order which, upon approval of the Court, shall be mailed by the Debtor as provided in Rule 2002(f)(7) to all creditors and parties in interest appearing on Debtor's list of creditors and the docket of the Bankruptcy Court; and

S.      Notwithstanding the provisions of Rules 7062 and 9014 of the Federal Rules of Bankruptcy Procedure, this order and these findings of fact and conclusions of law shall be effective and enforceable immediately upon entry unless otherwise ordered by the Bankruptcy Court.  This order shall be deemed a final order and judgment in this matter and the stay of Rule 3020(e) is waived.

*/s/ Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: March 10, 2015
St. Louis, Missouri
jjh

Order Prepared by:
Steven Goldstein (ARN 32790, MBE 24807)
Robert A. Breidenbach (ARN 74339, MBE 41557)
Goldstein & Pressman, P.C.
10326 Old Olive Street Road
St. Louis, MO 63141-5922
FAX: (314) 727-1447
(314) 727-1717
sg@goldsteinpressman.com
rab@goldsteinpressman.com