# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In Re: ) | In Proceedings Under Chapter 9 |
| ) | Hon. Kathy A. Surratt-States |
| LAKESIDE 370 LEVEE DISTRICT, ) | |
| a political subdivision of the ) | Case No. 14-46094-659 |
| State of Missouri, ) | |
| ) | |
| ) | **MOTION FOR ORDER** |
| Debtor. ) | **TO CLOSE CASE AND** |
| ) | **TO ENTER A FINAL DECREE** |
| ) | |
| ) | |
| ) | Steven Goldstein (ARN 32790, MBE 24807) |
| ) | Robert A. Breidenbach (ARN 74339, MBE 41557) |
| ) | Goldstein & Pressman, P.C. |
| ) | 10326 Old Olive Street Road |
| ) | St. Louis, MO 63141-5922 |
| ) | (314) 727-1447 (fax) |
| ) | (314) 727-1717 |

COMES NOW, Lakeside 370 Levee District (hereinafter, the "Debtor"), by and through its undersigned counsel, and for *Motion for Order to Close Case and to Enter a Final Decree* (the "Motion"), states to this honorable Court as follows:

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a), Local Rule 9.01B of the Local Rules of the United States District Court for the Eastern District of Missouri, and 11 U.S.C. §§105, 350, and 945.

2.  Venue is proper pursuant to 28 U.S.C. § 1409(a).

3.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## II.  ARGUMENT

4. On August 1, 2014 (the "Petition Date") Debtor filed its Voluntary Petition for Relief under Chapter 9 of Title 11 of the United States Code[1]. Since the Petition Date, Debtor has remained in possession of its assets.

5. On or about December 15, 2014 Debtor filed its ***Plan of Adjustment - Lakeside 370 Levee District (Dated December 15, 2014)*** (the "Plan") [Doc. #28] and its ***Disclosure Statement - Lakeside 370 Levee District (Dated December 15, 2014)*** (the "Plan") [Doc. #29]. Thereafter, on or about January 28, 2015 Debtor filed its ***First Amended Disclosure Statement - Lakeside 370 Levee District (Dated January 26, 2015)*** [Doc. 40](the "Disclosure Statement").

6. On or about January 29, 2015 this Court entered its ***Order Approving First Amended Disclosure Statement, Notice of Hearing on Confirmation of Plan, and Notice of Deadline to File Objections to Plan*** (the "Order Approving Disclosure Statement") [Doc. #41].

7. On or about February 2, 2015 Debtor served the Plan, Disclosure Statement, Order Approving Disclosure Statement and ballots upon all parties entitled to vote on the Plan and filed certificates of service of same with the Court as Doc. #43.

8. On or about March 10, 2015 the Court entered its ***Order Confirming Chapter 9 Plan of Adjustment - Lakeside 370 Levee District (Dated December 15, 2014)***(the "Confirmation Order")[Doc. #51].

---

[1] The provisions of Title 11 of the United States Code are referred to hereinafter and cited to herein as the "Bankruptcy Code".

S:\DOCS\Lakeside 370 Levee District\Motion to Enter Final Decree and Discharge COS separate.wpd

2

9. No party filed a motion reconsider the Confirmation Order and no party filed an appeal of the Confirmation Order.

10. On or about June 2, 2015 Debtor filed a ***Notice of Entry of Order Confirming Debtor's Chapter 9 Plan of Adjustment*** [Doc. #53] and also filed a Certificate of Service with respect to said notice [Doc. $54].

11. Pursuant to 11 U.S.C. §945(b) a court is directed to close a proceeding under Chapter 9 of the Bankruptcy Code "when administration of the case has been completed". Neither the Federal Rules of Bankruptcy Procedure nor the local rules of this Court include any procedures or requirements for the entry of a final decree in a proceeding under Chapter 9 of Title 11 of the United States Code. To the extent the Court deems it necessary or appropriate to enter a final decree in these proceedings, Debtor requests entry of final decree and in support therefor, notes the following:

    A. Debtor's Plan has been confirmed and no party has challenged said confirmation. The Confirmation Order became final on March 21, 2015;

    B. Pursuant to the Plan, the Debtor continues to exist and carry on its affairs as directed by the confirmed Plan and its controlling agreements.

    C. The subdistricts referenced in the Plan have been created by final orders of the Circuit Court of St. Charles County, Missouri in case nos. 1411-CC00998 and 1411-CC00999, respectively, said Courts approving the boundaries of said subdistricts as well as their articles of association. Debtor is completing transfer of levee property described in Section 5.2 of the Plan to said subdistricts. Further, the bonds to be issued by the Debtor pursuant to the Plan and in connection with the subdistricts were in fact issued on May 22, 2015. As such, and pursuant to Section 1.30 of the Plan, the Effective Date was May 22, 2015;

D. There are no pending adversary proceedings, motions, objections, or other matters before the Court in this case and Debtor does not anticipate filing any such actions;

E. The confirmed Plan in this case provided that the holders of secured claims in Class 1 would retain their liens and that their legal, equitable, and contract rights would be unaffected by the Plan. No such creditors were scheduled or filed claims in this case and no ballots from any such creditors were received. As such, the holders of any secured claims against the Debtor (if any exist) have retained their rights and have been provided for under the confirmed Plan;

F. All administrative expenses have been paid in full as provided by the confirmed Plan and Debtor is current or substantially current in the payment of its operating expenses;

G. The confirmed Plan in this case provided for the full payment of all allowed claims in Class 2 (priority claims) and Class 3 (unsecured nonpriority claims). None of said creditors filed proofs of claims in this case. Notwithstanding the foregoing, Debtor has paid in full all of said creditors based upon the amount alleged in the ballots submitted by the respective creditors; and

H. With respect to the claims in Class 4, said claims were addressed as provided for in the confirmed Plan; namely by the issuance of bonds in Subdistrict A and Subdistrict B.

12. In its Confirmation Order, the Court found and concluded that Debtor had formed the subdistricts called for in the Plan and necessary to implement the terms of the Plan. Confirmation Order, at Findings 2(D) and 12.

13. In its Confirmation Order, the Court directly authorized Debtor to perform all acts and to execute any documents which were necessary or appropriate to carry out the provisions of the Plan and to engage in the transactions described in the Plan. Confirmation Order, at Conclusions of Law and Orders, par. J.

14. In its Confirmation Order, the Court provided that Debtor retained all of its assets free and clear of liens, claims, and encumbrances and further provided that from and after the Effective Date, Debtor would operate its affairs free of any restrictions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Confirmation Order, at Conclusions of Law and Orders, par. M.

15. Debtor received in full the reduced District Assessments as set out in Section 5.4 of the confirmed Plan and his distributed said funds as provided in the Plan, namely: (a) Debtor paid $200,000.00 to counsel for Debtor and to counsel for the Bondholders; (b) Debtor fully funded $600,000.00 to the Reserve for Maintenance Obligations; and (c) Debtor tendered $400,0000.00 to the Bondholders for accrued interest on the Lakeside 370 District Improvement Bonds Series 2008.

16. Further, and as provided in the confirmed Plan, Debtor sold real estate in two (2) separate transactions. The proceeds of these sales, after deduction of sales commissions, real estate taxes and other costs of sale, were $3,216,264.86 and the proceeds were distributed as provided in Section 5.3.2 of the confirmed Plan as follows: $365,423.87 was used to replenish the Reserve for Maintenance Obligations; and the remaining $2,850,840.99 was used to partially redeem the Lakeside 370 Levee District - Subdistrict B - Series B Bond Indebtedness. It is possible and was anticipated at confirmation that additional sales will be conducted from and after the Effective Date and the closing of these proceedings, with the distributions to bondholders and others governed by the terms of the confirmed Plan.

17.  Debtor would respectfully submit that the foregoing establish that Debtor has performed its obligations under the confirmed Plan and that this Court's administration of the case is complete.  Debtor further submits that there is good and sufficient cause for the Court to enter an order closing Debtor's Chapter 9 proceeding (or to enter a final decree as the Court may elect) as the continued jurisdiction of the Court, limited as it is in the case of a proceeding under Chapter 9 of the Bankruptcy Code, is no longer required due to Debtor's full implementation of its confirmed Plan of Adjustment.

WHEREFORE, Debtor respectfully prays that this honorable Court enter its order closing Debtor's Chapter 9 proceeding as set forth in 11 U.S.C. §945(b), that the Court enter a final decree in these proceedings to the extent that the Court determines such an order necessary or appropriate, and that the Court grant Debtor such additional and further relief as is just and proper.

| Reviewed and approved: | GOLDSTEIN & PRESSMAN, P.C. |
|---|---|
| /s/ Ryan Hodges<br>Ryan Hodges, President. | By: /s/ Robert A. Breidenbach<br><br>Steven Goldstein (ARN 32790, MBE 24807)<br>Robert A. Breidenbach (ARN 74339, MBE 41557)<br>10326 Old Olive Street Road<br>St. Louis, MO 63141-5922<br>FAX: (314) 727-1447<br>(314) 727-1717<br>rab@goldsteinpressman.com<br>Attorneys for Debtor |